IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00832-BNB

RONALD C. CALHOUN,

    Applicant,

v.

DENVER DISTRICT COURT, and
ATTORNEY GENERAL OF THE STATE OF COLO. JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 3 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED APPLICATION

---

Applicant, Ronald C. Calhoun, apparently has been released on parole and currently is residing in a community corrections facility. He has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) requesting the appointment of counsel to represent him. He has paid the $5.00 filing fee in this action.

The Court must construe liberally the habeas corpus application because Mr. Calhoun is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Calhoun will be ordered to file an amended application.

Mr. Calhoun has failed to name his proper custodian. Pursuant to 28 U.S.C. § 2243 (2006), an application for writ of habeas corpus must be directed to the person having custody of the person detained. In lieu of Denver District Court, the correct

respondent would be the custodian of the facility where Mr. Calhoun is detained.

Mr. Calhoun alleges that in October 2002, he pleaded guilty to third-degree sexual assault in Denver District Court case 02-CR-1906. He asserts that he was sentenced to two years of probation. In July 2003, he admitted to a probation violation. At the sentencing hearing in November 2003, the trial court revoked and reinstated his probation for another two-year term ending in November 2005. At the end of 2004, Mr. Calhoun requested that the trial court recognize that he had completed his two-year probation term, and terminate his probation. The trial court denied Mr. Calhoun's motion. The Colorado Court of Appeals affirmed. **See People v. Calhoun**, 04CA2558 (Colo. Ct. App. Oct. 26, 2006). Mr. Calhoun alleges that he did not petition for certiorari review. Mr. Calhoun alleges that he initiated various postconviction proceedings. However, the proceedings, which he initiated after he admitted to the probation violation, appear to relate to his probation revocation proceedings and not to his original conviction.

In his habeas corpus application, Mr. Calhoun fails to assert any claims. He simply asks that his original conviction be vacated or dismissed, that he be released from custody, that the legality of his detention be examined, and that he be granted any other relief to which he may be entitled.

Mr. Calhoun's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Calhoun's application fails to comply with Fed. R. Civ. P. 8(a)(2) because he fails to assert any claims. Mr. Calhoun is reminded that he must exhaust state remedies before he may raise his claims in federal court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. **See Castille v. Peoples**, 489 U.S. 346, 350-51 (1989).

Mr. Calhoun will be directed to file on the proper, Court-approved form an amended application that complies with Fed. R. Civ. P. 8. The amended application Mr. Calhoun will be directed to file must name the proper respondents, clarify his federal claims and the steps he has taken to exhaust state-court remedies as to his federal claims, and should include, if available, full copies of any state court opinions pertinent to his direct appeal and to his probation revocation. Accordingly, it is

ORDERED that Mr. Calhoun file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Calhoun's amended application shall be titled,

"Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Calhoun, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Calhoun fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without further notice. It is

FURTHER ORDERED that the request for appointment of counsel is denied as premature.

DATED June 13, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00832-BNB

Ronald C. Calhoun
2623 Clayton St.
PO Box 44211
Denver, CO 80201-4211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/13/07

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk