IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00832-BNB

RONALD C. CALHOUN,

      Applicant,

v.

DENVER DISTRICT COURT, and
ATTORNEY GENERAL OF THE STATE OF COLO. JOHN SUTHERS,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 1 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Ronald C. Calhoun, initiated the instant action by filing ***pro se*** an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He paid

the $5.00 filing fee. On June 13, 2007, Magistrate Judge Boyd N. Boland ordered Mr.

Calhoun to file within thirty days an amended habeas corpus application that named the

proper custodian, that complied with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure, and that asserted claims since the application he originally

filed failed to do so.

On July 9, 2007, Mr. Calhoun filed an amended application and a motion titled

"Motion to Consider Amended Application for Habeas Corpus Pursuant to 28 U.S.C.

2254 and C.R.S. 16-22-102." In the motion, Mr. Calhoun clarified that his probation has

been terminated and that he is not on parole or residing in a community corrections

facility.

On July 12, 2007, Magistrate Judge Boland ordered Mr. Calhoun to show cause within thirty days why the amended application should not be denied for failure to exhaust state remedies as to his asserted claims. In the July 12 order, Magistrate Judge Boland noted that Mr. Calhoun failed to state with clarity which claims related to his probation revocation and resentencing and which claims related to his original conviction. On August 24, 2007, after being granted an extension of time, Mr. Calhoun submitted a sixty-five-page response to the order to show cause.

The Court must construe liberally the amended application and the response to the show-cause order because Mr. Calhoun is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Mr. Calhoun alleges that in October 2002, he pleaded guilty to third-degree sexual assault in Denver District Court case number 02-CR-1906. He asserts that he was sentenced to two years of probation. Judgment of conviction was entered on October 11, 2002. He did not appeal directly from the judgment of conviction.

In July 2003, he admitted to a probation violation. At the sentencing hearing in November 2003, the trial court revoked and reinstated his probation for another two-year term ending in November 2005. At the end of 2004, Mr. Calhoun requested that the trial court recognize that he had completed his two-year probation term, and terminate his probation. The trial court denied Mr. Calhoun's motion. The Colorado Court of Appeals affirmed. *See People v. Calhoun*, 04CA2558 (Colo. Ct. App. Oct. 26, 2006). Mr. Calhoun alleges that he did not petition for certiorari review.

2

In the response to the show-cause order, Mr. Calhoun attempts to clarify the six claims he asserted in his amended application. He asserts that he had ineffective assistance of counsel on his original sex-assault conviction, at his probation violation hearing, and at resentencing for his probation violation (first claim). He makes the repetitive claim that he had ineffective assistance of counsel at the probation violation hearing (second claim). He also asserts that his initial plea agreement was coerced in violation of his constitutional rights (third claim). He alleges that the trial court denied him due process at his sentencing hearing following his probation violation (fourth claim). He also alleges that the probation department breached its contract with him by withholding funds and forcing him to admit to a probation violation (fifth claim). Finally, he alleges that Denver Adult Probation Department punished him by changing his contract in violation of a court order, thus violating his constitutional rights (sixth claim).

Only a portion of claim one and claim three appear to attack Mr. Calhoun's original sex-assault conviction. A portion of claim one and claims two, four, five, and six appear to attack the resentencing on his probation violation and, therefore, apparently are moot because Mr. Calhoun alleges that his probation is terminated.

In any case, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires

that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Calhoun alleges in his response to the show-cause order that he has failed to present any of his claims fairly to the state supreme court. In fact, he asks the Court to petition for certiorari on his behalf. This the Court may not do. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state-court remedies.

DATED at Denver, Colorado, this 7 day of _____Sept._____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00832-BNB

Ronald C. Calhoun
2623 Clayton St.
PO Box 44211
Denver, CO 80201-4211

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to the above-named individuals on 9/11/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk